U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

_____
**United States Bankruptcy Judge**

**Signed August 15, 2012**

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CHAPTER 13 |
| CHUKWUMA OSUAGWU, | § | |
| | § | |
| DEBTOR. | § | CASE NO. 12-40853 (DML) |
| | § | |

### MEMORANDUM OPINION AND ORDER

Before the court is the *Motion for Relief from Automatic Stay* (the "Motion") and the *Brief in Support of Motion for Relief from Automatic Stay* (the "Brief") filed by Federal Home Loan Mortgage Corporation ("Movant"), and *Chukwuma Osuagwu's Responsive Brief in Support of His Opposition to Federal Home Loan Mortgage Corporation's Motion for Relief from Automatic Stay* (the "Response"), filed by Chukwuma Osuagwu ("Debtor").

This matter is subject to the court's core jurisdiction. 28 U.S.C. §§ 1334 and 157(b)(2)(G). This memorandum opinion contains the court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052 and 9014.

## I. Background

On December 13, 2005, Debtor executed a Note (the "Note") in favor of Wells Fargo Bank, N.A. ("Wells Fargo") in the amount of $346,231.00. A deed of trust (the "Deed of Trust") securing the Note was executed and recorded in the real property records of Dallas County on December 21, 2005. The Deed of Trust created a lien in favor of Wells Fargo against the real property located at 3225 Turtle Creek Boulevard Unit 1509, Dallas, TX 75219 (the "Property").

Upon default by Debtor, Wells Fargo exercised the power of sale provisions of the Note and posted the Property for foreclosure auction on February 7, 2012. The Federal Home Loan Mortgage Corporation ("Freddie Mac") purchased the Property at the foreclosure auction for $220,500.00. Debtor filed the above-captioned bankruptcy the following day, including the Property in Schedules A and C, and listing this debt as being for $22,545.00 in Schedule D. Movant asserts that Wells Fargo prepared, executed and notarized a substitute trustee's deed (the "Trustee Deed") on February 7, 2012, but does not indicate if the Trustee Deed was delivered to Freddie Mac prior to the time Debtor filed bankruptcy.

## II. Discussion

The issue before the court, and many of the relevant facts, are the same as they were in *In re Nguyen*:

> [w]hether Debtor held a legal or equitable interest in the Property when Debtor filed the Petition. Under section 541(a)(1) of the Bankruptcy Code,

"all legal or equitable interests of the debtor in property as of the commencement of the case" become property of the bankruptcy estate. 11 U.S.C. § 541(a)(1). A voluntary bankruptcy case is commenced under Title 11 by filing the bankruptcy petition. See 11 U.S.C. § 301(a). Any legal or equitable interest held by Debtor in the Property therefore became property of the estate at the moment he filed the Petition.

"Section 362(a) provides that the automatic stay taking effect upon the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of— . . . (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; [and] (4) any act to create, perfect, or enforce any lien against property of the estate . . . ." Therefore, if Debtor held a legal or equitable interest in the Property when he filed the Petition, the automatic stay imposed by section 362 prohibited Wells Fargo from taking action against the Property and prevented any legal or equitable interest in the estate from transferring to US Bank. If, however, Debtor held no legal or equitable interest in the Property when the Petition was filed, then there was no interest in the Property which could have become property of the estate. In such case, the automatic stay is not applicable and the court must grant the Motion."

2011 WL 110903, at *4-5 (Bankr. N.D. Tex. Jan. 13, 2011).

In the Response, Debtor argues that the execution of a deed of trust severs legal and equitable title, that Debtor still held legal title to the Property at the time Debtor filed bankruptcy, and that Debtor's case is analogous to *Hamilton v. Realty Portfolio, Inc. (In re Hamilton)*, 125 F.3d 292 (5th Cir. 1997). In *Hamilton*, the Court of Appeals for the Fifth Circuit held that a chapter 13 debtor has standing under section 522(h) of the Bankruptcy Code[1] to use the trustee's "strong-arm power" under Code section 544(a)(3) to avoid certain incomplete prepetition transfers of exempt property which a *bona fide* purchaser could avoid. *Id.* at 298. However, Debtor would only have standing to avoid the transfer of the Property because of an exemption if the Property were property of the estate when the bankruptcy petition was filed. *See* Code section 541(a)(1). The Property would have only become property of the estate if Debtor held a legal or equitable interest

---

[1] 11 U.S.C. § 101 *et seq.* (Hereinafter referred to as the "Code").

in the Property when the bankruptcy petition was filed.  *Nguyen*, 2011 WL 110903, at *12.  As such, the court analyzes whether Debtor held either a legal or an equitable interest in the Property, in turn, and then looks to whether *Hamilton* is applicable in the present case.

### A. Equitable and Legal Title

Upon execution of the Deed of Trust in 2005, equitable title passed to Wells Fargo, and has not since reverted to Debtor.  As such, the validity of the foreclosure auction only relates to whether equitable title passed from Wells Fargo to Freddie Mac, since Debtor had no equitable interest at that time.  In either case, it was not held by Debtor when Debtor filed bankruptcy, and thus could not have become part of the bankruptcy estate.  *Nguyen*, 2011 WL 110903, at *6-9 (citing *Flag-Redfern Oil Co. v. Humble Exploration Co.*, 744 S.W.2d 6, 8 (Tex. 1987)); § 541(a)(1).

Because Debtor retained legal title upon executing the Deed of Trust, the court must determine whether legal title passed to Freddie Mac before Debtor filed bankruptcy.  Under Texas law, the transfer of an interest in real property generally requires:

> "[T]he conveyance must be 'in writing and must be subscribed and delivered by the conveyor or by the conveyor's agent authorized in writing.' TEX. PROP. CODE § 5.021 (Vernon 2003). Title to transferred property will vest upon execution and delivery of the deed. To prove delivery of a deed, the deed must be delivered into the control of the grantee and the grantor must have intended the deed to become operative as a conveyance."

*Nguyen*, 2011 WL 110903, at *9-10 (internal non-statutory citations omitted).  The record does not reflect whether the Trustee Deed was delivered to Freddie Mac or a party acting as legal agent thereof prior to the time that Debtor filed bankruptcy.  Without this information, the court cannot determine whether Freddie Mac acquired legal title, and

thus cannot determine if legal title became part of the bankruptcy estate under Code section 541(a)(1).

### B. Did Debtor hold an equitable or legal interest in the Property, pursuant to *Hamilton*?

Debtor asserts that (1) the Property was exempt as Debtor's homestead; (2) the foreclosure was an involuntary transfer; and (3) the Chapter 13 trustee did not attempt to avoid the transfer. Debtor argues that *Hamilton* applies and therefore Debtor has standing to seek avoidance of the Property's foreclosure. *Hamilton*, 125 F.3d at 298 (citing *In re Elam*, 194 B.R. 412, 415 (Bankr. E.D. Tex. 1996)). Debtor's argument is premised on Debtor's assertion that the Property was exempt. As discussed above, to be exempt, it must have been part of the bankruptcy estate, which requires that Debtor had equitable or legal title prior to filing bankruptcy. *Nguyen*, 2011 WL 110903, at *12; Code section 541(a)(1). No provision of the Code retroactively creates such title. *Id.* at 12. Debtor did not have equitable title, so, if *Hamilton* is to be applicable at all, the court must determine whether Debtor held legal title. *Id.* at 12-13. As such, the court therefore declines to decide at this time if *Hamilton* governs.

### III. Conclusion

The court concludes that Debtor did not hold equitable title or an equitable interest in the Property at the time Debtor filed bankruptcy. The record is insufficient for the court to determine whether Debtor held legal title and thus whether *Hamilton* gives Debtor standing to pursue an avoidance action. The court therefore defers decision on the status of legal title and instructs the parties to contact the court to set this matter for an evidentiary hearing.

IT IS SO ORDERED.

### END OF MEMORANDUM OPINION AND ORDER ###